UNITED STATES of America, Plaintiff,

v.

Dustin Wright VAN HORN, Defendant.

Crim. No. 94–61–FR.

United States District Court,
D. Oregon.

July 21, 1994.

Kristine Olson Rogers, U.S. Atty., Deborah Dealy–Browning, Asst. U.S. Atty., Portland, OR, for plaintiff.

Steven T. Wax, Federal Defender, Christopher J. Schatz, Asst. Federal Defender, Portland, OR, for defendant.

Office of City Atty., Thomas R. Williams, Sr. Deputy City Atty., Portland, OR, for City of Portland.

## OPINION

FRYE, Judge:

The matter before the court is the motion of the City of Portland to modify subpoena duces tecum (# 25).

### BACKGROUND

On June 1, 1994, the defendant, Dustin Wright Van Horn, served a subpoena duces tecum upon the City of Portland, Bureau of Police, Internal Investigations Division, to obtain records relating to Officer J.P. Kelly, BPST No. 20671, in the federal case of *United States v. Dustin Wright Van Horn,* CR No. 94–61–FR.

The records sought are subject to disclosure under the Public Records Law of the State of Oregon, which provides that a public body may establish fees reasonably calculated to reimburse the public body for its actual costs in making its records available. O.R.S. 192.440(3).

The records subject to the subpoena duces tecum consist of 102 pages. The Internal Investigations Division has established a charge of $2.00 per page for providing copies of its records.

On June 9, 1994, counsel for defendant Van Horn wrote to counsel for the City of Portland as follows:

I have reflected very carefully on our discussion of June 7, 1994, as regards the subpoena duces tecum served on the Portland Police Bureau in the above-entitled action. You have informed me that, although a number of complaints have been lodged against Officer Kelly in the past, the Portland Police Bureau's investigation of those complaints has not resulted in any action being taken, and that the reports generated pursuant to such investigation are now public record. You have further informed me that I may purchase the names, addresses and telephone numbers of these complainants for $10, and that I may purchase the reports for $.25 per page. In response, I have indicated to you that I would be more than willing to go to the location where the reports are presently being maintained by your client, for the purpose of reviewing the reports at that location, in order to avoid an unnecessary expenditure of funds. In turn, you have informed me that such a procedure is not acceptable to your client, and that your client will not allow me to have any access to the information sought pursuant to the subpoena unless I am willing to pay for it.

After careful reflection, I have concluded that your client's position is simply unreasonable. However, I am willing to meet your client halfway by paying $10 for the names, addresses and telephone numbers of the complaining parties, if your client will then make the underlying reports available to me for review without cost. If this proposal is not acceptable to your client, then we have no alternative but to present the matter to the District Court on June 17, 1994, for determination at the time of hearing in this matter.

Thank you for your attention to the above.

Exhibit A to Defendant's Opposition to the Motion of the City of Portland to Modify Subpoena Duces Tecum.

On June 17, 1994, counsel for the City of Portland appeared before this court with copies of the records pursuant to the subpoena duces tecum. This court ordered the City of Portland to give the copies of the records to counsel for defendant Van Horn and to file a motion relating to the issue of payment for the copies of the records, if it chose to do so.

On June 21, 1994, the City of Portland filed this motion to modify the subpoena duces tecum by requiring defendant Van Horn to pay $204.00, which is the cost of providing copies of the records.

Defendant Van Horn has filed an opposition to the motion of the City of Portland to modify the subpoena duces tecum on the grounds that Rule 17(c) of the Federal Rules of Criminal Procedure does not authorize payment for copies of such records. Defendant Van Horn argues that the costs at issue would not have been incurred absent the unreasonable policy of the City of Portland that no access to the records can be had until payment is made for copies.

## APPLICABLE LAW

Rule 17(c) of the Federal Rules of Criminal Procedure provides that "[t]he court on motion made promptly may ... modify the subpoena if compliance would be unreasonable or oppressive."

## RULING OF THE COURT

Counsel for defendant Van Horn sought *to examine* the files of the Internal Investigations Division of the Portland Police Bureau. The City of Portland refused to allow counsel for defendant Van Horn *to examine* the files without copying and payment of a copy fee. The City of Portland required defendant Van Horn to copy and to pay for the copies of those files. This court declines to modify the subpoena duces tecum to require defendant Van Horn to pay the costs of duplicating the files as a condition of being allowed to examine the files. If the City of Portland does not allow public documents to be examined, the City of Portland will have to pay the costs for copying those public documents.

## CONCLUSION

The motion of the City of Portland to modify subpoena duces tecum (# 25) is denied.